LABORDE, PLAINTIFF AND APPELLEE, *v.* LÓPEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action for Damages.

No. 2228.—Decided July 23, 1920.

DAMAGES—BREACH OF CONTRACT.—Alejandro Laborde brought an action against Patricio López claiming $2,695.50 as damages on the ground that he undertook to collect a credit of $5,391 belonging to López for a commission of 50 per cent and the contract was not carried out by the fault of López. Laborde agreeing that he offer the credit to the debtor for 65 per cent of its value, it is necessary to conclude that the damages suffered by Laborde are only 15 per cent of the total value of the credit, or $808.65.

The facts are stated in the opinion.
*Messrs. J. B. Huyke* and *F. González* for the appellant.
*Mr. M. Tous Soto* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Patricio López signed a letter on April 19, 1914, authorizing Alejandro Laborde to undertake the collection of $5,391 which the Borinquen Sugar Company owed him on a contract of lease, he agreeing to accept fifty per cent of his claim as payment in full and allowing Laborde to retain whatever he might collect in excess of fifty per cent as a compensation for his services.

Thereafter Laborde brought an action against López to recover the sum of $2,695.50 as damages alleged to have been

suffered by the revocation by the defendant of the author-ization conferred upon him in the said letter after he had commenced to take action for collecting the debt. `The de-fendant did not deny the obligation evidenced by the said letter, but alleged that he gave it to the plaintiff on the con-dition that he should not make use of it until Pedro Mas had signed a similar letter authorizing Laborde to collect a claim which he also had against the Borinquen Sugar Com-pany; that Pedro Mas did not sign such a letter nor give any authorization to the plaintiff, and that upon ascertain-ing that the plaintiff had not obtained the authorization of Mas he instructed him to take no further action.

The question of law as to the sufficiency of the complaint was disposed of by this court on appeal (*Laborde* v. *López,* 23 P. R. R. 92) on the grounds stated in the opinion ren-dered in *Laborde* v. *Toro,* 23 P. R. R. 85. The complaint having been held to be sufficient, the case was remanded to the lower court and there tried to a judgment sustaining the complaint. That judgment was reversed here, this court holding that the trial court should have considered the evi-dence regarding the condition pleaded by the defendant as affecting the obligation which he signed, the lower court having discarded that evidence in rendering its judgment. *Laborde* v. *López,* 26 P. R. R. 472.

The case having been again remanded to the lower court, the parties submitted the same evidence which they had pre-viously introduced, and a new judgment having been entered sustaining the complaint and adjudging that the defendant pay to the plaintiff the sum claimed, with the costs, dis-bursements and attorney fees, the defendant took this ap-peal.

The appellant alleges that the court below erred in en-tering a judgment which is not supported by the evidence, adjudging that the defendant pay the sum claimed, with the costs and attorneys fees, when the obligation sued on is a

conditional one which gave the plaintiff no right to the stip-
ulated compensation because the condition was not fulfilled,
contrary to section 1088 of the Civil Code

This action is related to others which the appellee brought
against other persons about the same time, especially to his
action against Celso Lorenzo, to such an extent that the
evidence introduced by the plaintiff in the action against
Lorenzo was admitted as evidence in the action against Pa-
tricio López and the testimony of the witnesses refers al-
most wholly to the fact that the appellant gave the authori-
zation contained in the letter on the same condition that
Lorenzo imposed in giving Laborde an authorization similar
to that involved in this case.

The defendant-appellant called as witnesses Celso Lorenzo,
Francisco Noya and Jaime Alsina, and presented in evi-
dence an affidavit of Vidal Sánchez, admitted with the plain-
tiff's consent, tending to show that in signing and deliver-
ing the said letter Patricio López imposed upon Laborde the
same condition which Celso Lorenzo had imposed; that is,
that he should not make use of the letter unless Pedro Mas
should give to Laborde a similar authorization. This testi-
mony was contradicted by the testimony of Alejandro La-
borde. Patricio López also testified.

The evidence regarding the condition alleged by the de-
fendant-appellant was contradictory and the court having
adjusted the conflict in the exercise of its discretional power
under the law, as it has not been shown to us or alleged
that the court was influenced by passion, prejudice or par-
tiality, or that it committed manifest error, we must sustain
its decision on that point and can not hold, therefore, that
the error assigned was committed.

The other ground of appeal is that the evidence is not
sufficient to justify a recovery of $2,695.

Indeed, no evidence was examined regarding the amount
of the damages, which is alleged to be $2,695, this being, no

doubt, the fifty per cent of the debt coming to Laborde for the services which he was to render and had commenced to render; but although Patricio López collected the whole of his claim through other persons, as in the efforts towards collection made by Laborde he agreed to settle for sixty-five per cent of the sum claimed, according to the tenth allegation of the complaint, he has been damaged by the defendant only to the extent of fifteen per cent of the $5,391 due to López, or $808.65.

The judgment appealed from must be modified as to the amount to be recovered, fixing it at $808.65, and affirmed as modified.

*Modified and affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.